REDMANN, Judge.
One candidate for police juror, “district one, St. John the Baptist parish,” attacks the nominating papers of another candidate as invalid for failure to be signed by 300 electors as required for “parochial offices” by La.R.S. 18:394.1, subd. C.[1] The trial court rejected the argument that a police juror is a parochial officer. We affirm.
La.Const. art. 6 § 5, authorizing adoption of a home rule charter by any “local governmental subdivision,” defined by § 44(1) as any parish or municipality, places one limit on such a charter in subsection (G) : “Parish Officials and School Boards Not Affected. No home rule charter or plan *640 of government shall contain any provision affecting a school board or the offices of district attorney, sheriff, assessor, clerk of a district court, or coroner, which is inconsistent with this constitution or law.”
Similarly, La.Const. art. 6 § 7, authorizing elections to grant powers to parishes (and municipalities), repeats in its subsection (B): “Parish Officials and School Boards Not Affected. Nothing in this Section shall affect the powers and functions of a school board or the offices of district attorney, sheriff, assessor, clerk of a district court, or coroner.”
Thus the Louisiana Constitution does not include police jurors among “Parish Officials.”
The designation on defendant’s nominating papers of police juror from a district (rather than ward), we are informed by oral argument, is the result of a court’s reapportionment of the police jury. Historically, police jurors were elected by “police jury wards” since La.Acts 1813, March 25,[2] and at least through La.R.S. 33:1221-1223 (1950) until 1968. Acts 1968, No. 445, repealed §§ 1222-1223 and amended § 1221 in such fashion that it is no longer express that jurors are to be elected by wards, although “police jury wards” are still retained, § 1224. (The title to that amendatory Act gave no hint of a purpose to provide election at large throughout a parish, the Act does not so provide expressly, and there is no suggestion that the Act by implication provides such a result.) Although the conclusion is supportable that the office of police juror was, from 1825 until 1968, a “ward office,” we need not decide whether it is a ward office today.
We do hold that it is not a parochial office. It is not argued to be a “district office,” requiring 400 signatures, R.S. 18:394.1, subd. C, despite the description of the parish subdivision by the court order as a “district,” since no Louisiana law describes as a “district” the area from which a police juror is elected. Moreover, to interpret R.S. 18:394.1, subd. C to require 400 signatures for an office voted on by a ninth or tenth (see R.S. 33:1221, subd. C) of a parish’s population, but only 300 signatures for an office voted on by the entire parish’s population, would be grotesquely inconsistent with the statute’s evident general scheme of requiring the highest number of signatures (1,000) for offices elected by the entire state, lower numbers for lesser portions of the state, and the lowest number (25) for “ward officers and for any other office not otherwise provided for herein.”
The sole statutory argument that appellant makes is that a police juror is not a “ward office.” He cites R.S. 18:393, providing for qualifying by declaration and good-faith deposit' — a procedure to which the nominating papers here involved are an *641 alternative — and specifying the required deposits as:
. . district judge or Senate — two hundred dollars; House of Representatives, and district or parish offices not otherwise provided for herein — one hundred fifty dollars; police jury and-school hoard — seventy-five dollars; ward offices and any other office, other than district or parish offices, not specifically provided for herein — fifty dollars.”
Appellant argues that police juror is either a parochial office or a ward office, and that it cannot be a “ward office” because, he argues, the clause “not specifically provided for herein” modifies only “any other office,” rather than both “ward offices and other office.” Although we decline to decide whether or not police juror is a ward office, we note the obvious grammatical possibility that “ward offices” is modified by “not specifically provided for herein” in § 393.
We conclude that, for purposes of R.S. 18:394.1, subd. C a police juror is a “ward officer[s] [or] . . . other officefr] not otherwise provided for herein,” requiring only 25 electors’ signatures.[3]
Affirmed.

. “Nominating papers must be signed for each candidate by qualified voters entitled to vote in the election for which the candidate files nominating papers in the number of at least one thousand for any candidate to be voted for by the electors of the state at large, five hundred for justices of the supreme court, judge of the court of appeal, member of the public service commission, member of any state board or commission or other office of state character whose election is provided by law, four hundred for senators, district and judicial offices, three hundred for members of the House of Representatives and parochial offices, one hundred for municipal officers in municipalities with a population of less than twenty-five thousand, one hundred seventy-five for municipal officers in municipalities with a population of twenty-five thousand or more but less than fifty thousand, two hundred for municipal officers in municipalities with a population of fifty thousand or more but less than one hundred thousand, two hundred fifty for municipal officers in municipalities with a population of one hundred thousand or more but less than three hundred thousand, five hundred for municil>al officers in municipalities with a population of more than three hundred thousand, and twenty-five for ward officers and for any other office not otherwise provided for herein.”

. The Act of March 25, 1813, “Further defining the organization, authority and functions of police juries,” in Sec. 1 provided for the first time that parishes should be divided “into as many wards as their local situation may require or permit, for the purpose of securing to each of the said wards an equal representation in the police jury.” Sec. 2 provided that the inhabitants of each ward in each parish were to elect “such number of representatives as they are entitled to have in the police jury of their said parish . . . .” (La.Acts 1813, pp. 154-156.)
Earlier, La.Acts 1811-1812, ch. 36, at pp. 180-181, an Act of April 30, 1811, “Supplementary to and amending an Act intitled [sic] ‘An Act relative to wards, levees and to the police of cattle [sic], and for other purposes,’ ” See. 3, described the parish governing authority for the first time as “the parish meeting, or police jury,” provided a change in composition to “a jury of twelve inhabitants presided by the parish judge,” and provided for the 12 members to be elected at large by the qualified voters of the entire parish.
For earlier history, see Calhoun, “The Origin and Early Development of County-Parish Government in Louisiana (1805-1845),” 18 La.Historical Q. 56, 93-99 (1935).

. Although not in evidence, Louisiana Almanac (9th ed. 1975), citing the U. S. Department of Commerce, Bureau of the Census, Census of Population (1970), lists wards with far fewer than 300 total inhabitants (not electors), e. g., Caldwell Ward 6, population 138, and Red River Ward 8, population 130.